1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, | CASE NO. 1:10-cv-01129-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE |
| v. | |
| MIKE PALOMBO, et al., | FORCE CLAIM |
| Defendants. | (Doc. 1) |
| _____/ | THIRTY-DAY DEADLINE |

## Screening Order

### I.   Screening Requirement and Standard

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not, and the factual allegations must be sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.  Plaintiff's Complaint**

   **A.   Summary of Allegations**

Plaintiff, an inmate at Kern Valley State Prison in Delano, brings this action against Correctional Officers Mike Palombo and R. Miino for using excessive physical force against him and denying him medical care for his resulting injuries, in violation of the Eighth Amendment of the United States Constitution.

Plaintiff uses a walker and has twenty-five screws and a metal rod in his left leg, diabetes, arthritis, and kidney stones.  On July 9, 2009, Plaintiff was ordered to submit to a mandatory unclothed body search.  Defendant Palombo became angry because Plaintiff took off his clothing too slowly due to his medical conditions, and he handcuffed Plaintiff tightly through the cell door tray slot.  Plaintiff requested that the handcuffs be loosened and Defendant Palombo told him to "shut the f up."  (Doc. 1, Comp., p. 6.)

Plaintiff's hands began to swell up and out of nowhere, Defendant Palombo knocked Plaintiff to the ground hard and began kicking Plaintiff in the head, face, side, and back while Defendant Miino held Plaintiff down.  Plaintiff was knocked unconscious and had to be transported to the medical clinic in a wheelchair.

///

1    The nurse refused to bandage Plaintiff's bloody, open wounds.  The next day, Plaintiff's eyes

2   were swollen shut.  Plaintiff alleges that he was not provided with any medical attention for his

3   injuries, which included open wounds and a fractured finger, and he was left in segregation in that

4   condition for fifty-one days.

5        **B.**      **Excessive Force Claim**

6        The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners

7   from the use of excessive physical force.  Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175,

8   1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is

9   necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue,

10   with the objective component being contextual and responsive to contemporary standards of

11   decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims,

12   the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore

13   discipline, or maliciously and sadistically to cause harm.  Wilkins, 130 S.Ct. at 1178 (quoting

14   Hudson, 503 U.S. at 7) (quotation marks omitted).  Although de minimis uses of force do not violate

15   the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth

16   Amendment, regardless of whether or not significant injury is evident.  Wilkins, 130 S.Ct. at 1178

17   (quoting Hudson, 503 U.S. at 9) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th

18   Cir. 2002).

19        Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants

20   Palmobo and Miino for use of excessive force.

21        **C.**      **Medical Care Claim**

22        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

23   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

24   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

25   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

26   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

27   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

28   deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).   Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

The failure to provide any medical treatment for Plaintiff's visible injuries, which included open, bleeding wounds and a fractured finger, will support a claim.   However, Defendants Palombo and Miino are not linked to the failure to treat Plaintiff's injuries, and there are no other defendants named in the complaint.   To state a claim, Plaintiff must allege sufficient facts linking  the failure to provide him with medical treatment to those responsible for that failure.

**III.   Conclusion and Order**

Plaintiff's complaint states a cognizable claim for relief against Defendants Palombo and Miino for use of excessive force, in violation of the Eighth Amendment.   However, Plaintiff's complaint fails to state an Eighth Amendment claim against them arising out of the denial of medical care for his injuries.   The Court will provide Plaintiff with the opportunity to file an amended complaint, if he wishes to cure the deficiencies identified in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding against Defendants Palombo and Miino on his excessive force claim only, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his excessive force claim.   Plaintiff's medical care claim will then be dismissed, and Plaintiff will be provided with two summonses and two USM-285 forms for completion and return.   Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Palombo and Miino.

1    If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must

2    state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

3    Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient]

4    to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations

5    omitted).

6    Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

7    F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

8    "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

9    Therefore, "[a]ll's causes of action alleged in an original complaint which are not alleged in an

10   amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

11   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

12   Based on the foregoing, it is HEREBY ORDERED that:

13   1.    The Clerk's Office shall send Plaintiff a complaint form;

14   2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

15        a.    File an amended complaint curing the deficiencies identified by the Court in

16              this order, or

17        b.    Notify the Court in writing that he does not wish to file an amended

18              complaint and he is willing to proceed against Defendants Palombo and

19              Miino on his excessive force claim only; and

20   3.    If Plaintiff fails to comply with this order, this action will be dismissed, without

21         prejudice, for failure to obey a court order.

22

23   IT IS SO ORDERED.

24   **Dated:    May 18, 2011**                    _____ **/s/ Sheila K. Oberto** _____
                                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28