# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE PALOMBO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01129-SKO PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO TERMINATE DEFENDANT MEZA AS A PARTY BASED ON PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 38)<br><br>ORDER DENYING DEFENDANT NIINO'S MOTION TO DISMISS FOR FAILURE TO EXHAUST AND REQUIRING DEFENDANT NIINO TO FILE RESPONSE TO AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 25) |

**Order Addressing Notice of Voluntary Dismissal and Motion to Dismiss**

### I.     Introduction

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010. This action is proceeding on Plaintiff's amended complaint, filed on June 16, 2011, against Defendants Palombo and Niino[1] on Plaintiff's Eighth Amendment excessive force claim and against Defendant Meza on Plaintiff's Eighth Amendment medical care claim. 28 U.S.C. § 1915A. Plaintiff's claims arise from events which occurred on July 9, 2009, at Kern Valley State Prison in Delano, California, where Plaintiff is incarcerated.

---

[1] Identified as Miino in the complaint.

## II. Notice of Voluntary Dismissal of Defendant Meza

On January 4, 2012, Plaintiff filed a notice of voluntary dismissal of Defendant Meza. Fed. R. Civ. P. 41(a)(1)(A)(i); Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). Because Defendant Meza has not filed an answer or a motion for summary judgment, Plaintiff has the absolute right to dismiss her from this action and the Court will direct the Clerk's Office to terminate her as a party. Fed. R. Civ. P. 41(a)(1)(A)(i); Pedrina, 987 F.2d at 609-10. As a result, Defendant Meza's pending motion to dismiss for failure to exhaust is moot and, in the section that follows, the Court reaches only Defendant Niino's motion.

## III. Defendant Niino's Motion to Dismiss

On October 26, 2011, Defendant Niino filed a motion to dismiss the claim against him for failure to exhaust the administrative remedies.[2] 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on December 22, 2011, and Defendant filed a reply on December 28, 2011.[3,4] Local Rule 230(l). On January 19, 2012, Plaintiff filed a surreply, which will not be considered by the Court.[5]

### A. Legal Standard for Unenumerated Rule 12(b) Motions

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless

---

[2] Defendant Palombo filed an answer and following the issuance of this order, a discovery and scheduling order will be issued.

[3] Although entitled a motion for summary judgment, the filing is Plaintiff's opposition and the Court ordered that it be docketed as such on January 3, 2012. (Doc. 37.)

[4] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on July 27, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 17-1.)

[5] Plaintiff does not have the right to file a surreply under the Federal Rules of Civil Procedure or the Local Rules, Plaintiff did not seek leave of court to file one, and the Court does not deem one necessary in this instance.

2

of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that the plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.    Discussion**

   **1.    Plaintiff's Claim**

Plaintiff's excessive force claim arises from an incident on July 9, 2009, which began when Defendant Palombo purportedly became angry because Plaintiff was too slow in taking off his clothing for a body search. Plaintiff alleges that Defendant Palmobo handcuffed him tightly through the cell door tray slot and when he requested that the handcuffs be loosened, Defendant Palombo told him to "shut the f up." (Doc. 1, Comp., p. 6.)

Plaintiff alleges that his hands began to swell up; and Defendant Palombo knocked him to the ground hard and began kicking him in the head, face, side, and back while Defendant Niino held him down. Plaintiff alleges that he was knocked unconscious and had to be transported to the medical clinic in a wheelchair.

   **2.    Plaintiff's Inmate Appeal**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, and the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the relevant time period, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third

///

formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed.[6] Id. at §§ 3084.5, 3084.6(c).

There is no dispute that Plaintiff filed an appeal concerning the incident of July 9, 2009, or that the appeal was pursued through all levels of review, receiving a final decision on February 4, 2010.[7] (Doc. 25-1, Motion, Ex. A; Doc. 35, Opp., Ex. 1.) Defendant Niino argues, however, that he is entitled to dismissal of the claim against him because the appeal grieved only Defendant Palombo's conduct and Plaintiff failed to name Ninno in the appeal or discuss his conduct. (Motion, 4:12-27.)

"A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and "[t]o provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 218); McCollum v. California Dep't of Corr., 647 F.3d 870, 876 (9th Cir. 2011); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). The regulation in effect in 2009 required only a description of the problem and the action requested, tit. 15, § 3084.2(a) (2009), and therefore, Plaintiff's grievance was sufficient if it alerted the prison to the nature of the wrong for which redress is now sought, Sapp, 623 F.3d at 824 (citing Griffin, 557 F.3d at 1120) (quotation marks omitted); McCollum, 647 F.3d at 876.

In the appeal, Plaintiff complained about Defendant Palombo and "other C/Os," a reference that was repeated in the Director's Level decision, which stated in relevant part, "He claims that CO Palombo and other CO's bloodied his face." (Motion, Ex. A; Opp., Ex. 1.)

The prison regulation in effect in 2009 did not require Plaintiff to identify all participants by name and his appeal language makes clear that at least two officers were involved in the incident of physical force, although only Defendant Palombo is specifically identified. Tit. 15, § 3084.2(a). This was sufficient to place prison officials on notice as to the nature of the wrong at issue and given that the appeal was pursued through the final level of review prior to the filing of this suit, Plaintiff

---

[6] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant's motion.

[7] Appeal log number KVSP-09-01192.

4

exhausted his excessive force claim against Defendants Palombo and Niino. Jones, 549 U.S. at 218; McCollum, 647 F.3d at 876; Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 1120; Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). Therefore, Defendant Niino's motion must be denied.

**IV.** **Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall terminate Defendant Meza as a party to this action based on Plaintiff's notice of voluntary dismissal filed on January 4, 2012;

2. Defendant Niino's motion to dismiss for failure to exhaust, filed on October 26, 2011, is denied; and

3. Defendant Niino shall file a response to Plaintiff's amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:**   **April 13, 2012**           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE