IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, | 1:10-cv-01129-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 51) |
| MIKE PALOMBO, et al., | |
| Defendants. | |
| _____/ | |

On May 11, 2012, following Plaintiff's receipt of the discovery and scheduling order, Plaintiff filed a motion seeking the appointment of counsel to represent him during his deposition.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither

///

1  consideration is dispositive and they must be viewed together.  <u>Palmer</u>, 560 F.3d at 970 (citation
2  and quotation marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

3        In the present case, the Court does not find the required exceptional circumstances.  Even
4  if it is assumed that Plaintiff is not well versed in the law and that he has made serious
5  allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is
6  faced with similar cases almost daily.  Further, at this stage in the proceedings, the Court cannot
7  make a determination that Plaintiff is likely to succeed on the merits, and based on a review of
8  the record in this case, the Court does not find that Plaintiff cannot adequately articulate his
9  claims.  <u>Id.</u>

10       The scheduling order at issue merely gives Defendants leave to depose Plaintiff so long as
11 they notify Plaintiff at least fourteen days in advance.  Fed. R. Civ. P. 30(a)(2)(B).  The Court
12 does not have the ability to appoint counsel to represent Plaintiff during a deposition unless the
13 exceptional circumstances test, discussed above, has been met.

14       For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
15 DENIED, without prejudice.

17 IT IS SO ORDERED.

18 **Dated:   May 15, 2012**                               /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE