# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, | CASE NO. 1:10-cv-01129-SKO PC |
| Plaintiff, | ORDER STRIKING DUPLICATIVE MOTION AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| MIKE PALOMBO, et al., | (Docs. 56 and 60) |
| Defendants. | |

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010. On June 28, 2012, Plaintiff filed an unverified motion seeking a preliminary injunction. Plaintiff does not request any specific relief but he sets forth assertions regarding his current conditions of confinement at Kern Valley State Prison. Defendants did not file a response. On August 9, 2012, Plaintiff filed a duplicative motion, which shall be stricken from the record.

Plaintiff previously brought similar issues before the Court, and he was informed that the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged excessive force on July 9, 2009.[1] See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its

---

[1] Document 49.

existence.") (citation omitted); <u>American Civil Liberties Union of Nevada v. Masto</u>, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (internal quotation marks and citation omitted).  Once again, Plaintiff's filing is essentially an informational notice of events or incidences and it does not request any specific relief to which Plaintiff might arguably be entitled to in this action.

      The Court recognizes that Plaintiff is, very generally, asserting he has some safety concerns, but the pendency of this action provides no basis upon which the Court may issue any orders directed at remedying Plaintiff's current conditions of confinement.  To the extent that Plaintiff is concerned about actions by correctional officers at Kern Valley State Prison, he should raise those concerns with the appropriate staff members at the prison, which might include his correctional counselor or an appeals coordinator.  Plaintiff is also not precluded from taking legal action, but whatever action might be appropriate, it *cannot* be sought in *this* action.

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's duplicative motion filed on August 9, 2012, is STRICKEN from the record; and

2. Plaintiff's motion filed on June 28, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   October 10, 2012**            **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE