# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, | CASE NO. 1:10-cv-01129-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 71) |
| MIKE PALOMBO, et al., | |
| Defendants. | |

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010. On June 28, 2012, Plaintiff filed a motion seeking a preliminary injunction. Plaintiff did not request any specific relief but he set forth assertions regarding his current conditions of confinement at Kern Valley State Prison. The Court denied the motion on October 11, 2012, stating

> Plaintiff previously brought similar issues before the Court, and he was informed that the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged excessive force on July 9, 2009. See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (internal quotation marks and citation omitted). Once again, Plaintiff's filing is essentially an informational notice of events or incidences and it does not request any specific relief to which Plaintiff might arguably be entitled to in this action.
>
> The Court recognizes that Plaintiff is, very generally, asserting he has some safety concerns, but the pendency of this action provides no basis upon which the Court may issue any orders directed at remedying Plaintiff's current conditions of

confinement. To the extent that Plaintiff is concerned about actions by correctional officers at Kern Valley State Prison, he should raise those concerns with the appropriate staff members at the prison, which might include his correctional counselor or an appeals coordinator. Plaintiff is also not precluded from taking legal action, but whatever action might be appropriate, it *cannot* be sought in *this* action.

(Doc. 64, 1:21-2:12.)

On November 14, 2012, Plaintiff filed a motion for reconsideration on the ground that his mail is being tampered with and when he brought it to the attention of his counselor, he was met with "a mean attitude." (Doc. 71, p.1.) In addition, Plaintiff's inmate appeal was screened out.

Plaintiff is no longer housed at Kern Valley State Prison, but regardless, the Court does now nor did it then have the jurisdiction to issue any orders to prison officials at Kern Valley State Prison regarding mail tampering or any other condition of confinement. Steel Co., 523 U.S. 83 at 103-04. This action is limited to damages arising out of the past conduct of Defendants. Issues relating to the inmate appeal process, mail tampering, or any other current condition of confinement do not provide any basis for the issuance of a preliminary injunction. That jurisdictional deficiency was fatal to Plaintiff's motion, and there are no grounds present which entitle Plaintiff to reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

Based on the foregoing, Plaintiff's motion for reconsideration, filed on November 14, 2012, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:    December 21, 2012            /s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE