# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>MIKE PALOMBO, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-01129-SKO PC<br><br>ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS AS MOOT<br><br>(Docs. 69, 74, and 80) |

**I.    Pending Discovery Motions**

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on June 16, 2011, against Defendants Palombo and Niino[1] for use of excessive physical force, in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution.

On October 29, 2012, Plaintiff filed a motion to compel responses to his interrogatories and requests for the production of documents and for reasonable expenses in the amount of $1,000.00. On November 13, 2012, Defendants filed a statement of non-opposition to the motion to compel, supported by evidence of service of responses.

On December 5, 2012, Plaintiff filed a second discovery motion seeking color photographs, an examination by an outside medical doctor pursuant to Federal Rule of Civil Procedure 35, and

---

[1] Identified as Miino in the complaint.

1

to inspect and photograph D1-Yard at Kern Valley State Prison, where the incident occurred. Defendants filed an opposition on December 11, 2012.

On December 26, 2012, in response to the Court's order of December 11, 2012, staying discovery pending resolution of Defendants' motion for summary judgment, Plaintiff filed a motion seeking the following discovery: (1) entry into and inspection of the scene of the incident, including a prison cell, an exercise yard, and a cafeteria, and the ability to examine, measure, and photograph the scene, and (2) an examination by a doctor under Rule 35. Defendants did not file a response.

**II.     Discussion**

On June 26, 2012, Defendants filed a motion for summary judgment and the motion was submitted upon the record on October 11, 2012, which is the date Plaintiff filed his supplement to his surreply.[2] Local Rule 230(l). Although Plaintiff brought his discovery motions after Defendants' motion for summary judgment was submitted, because Plaintiff is incarcerated and proceeding pro se, the Court shall review the discovery motions to ensure that no issues pursuant to Rule 56(d) of the Federal Rules of Civil Procedure exist. Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). "[S]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be fruitless with respect to proof of a viable claim." Jones, 393 F.3d at 930 (citation and internal quotation marks omitted).

///

---

[2] As set forth in the order addressing Defendants' motion, the Court exercised its discretion to consider Plaintiff's surreply and supplement to the surreply.

In this case, the Court found that Defendants are entitled to dismissal of the claim against them on the ground that it is barred by the favorable termination rule, also known as the Heck bar, and the Court granted Defendants' motion on that ground. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994). The discovery motions filed by Plaintiff do not seek information which would assist Plaintiff in resisting Defendants' motion for summary judgment as to the application of the favorable termination rule nor does Plaintiff make any argument to the contrary.

Plaintiff's first motion, seeking responses to his discovery requests, is moot in that after being served with the motion, Defendants served their responses on November 8, 2012. Plaintiff's second and third discovery motions seek an inspection and photographs of the scene of the incident at issue and an examination by an outside doctor. Entitlement to any of the desired discovery aside, the requests seek information relating to the merits of Plaintiff's excessive force claim, including his injuries. The information sought would not assist Plaintiff in demonstrating that his claim is not barred by the favorable termination rule and the discovery would therefore be fruitless. Jones, 393 F.3d at 930. As such, the motions are denied as moot in light of the Court's ruling that Defendants are entitled to judgment against Plaintiff.[3]

### III.   Order

The Court finds that allowing the discovery sought by Plaintiff would be fruitless with respect to the issue of application of the favorable termination rule to his excessive force claim, and

///

///

///

---

[3] Regarding Plaintiff's motion for reasonable expenses in the amount of $1,000.00, if a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5) (quotation marks omitted). Before doing so, the Court must provide an opportunity to be heard and the Court shall not order payment if circumstances make an award of expenses unjust. Id. (quotation marks omitted). In this instance, Plaintiff's motion has not been granted, his request for reasonable expenses in the amount of $1,000.00 is entirely unsupported by any showing that he actually incurred such expenses in bringing his motion, and Defendants' initial failure to serve responses was inadvertent and caused by the inclusion of the discovery requests with another discovery motion. (Doc. 70-1, Carrasco Dec.)

the Court HEREBY DENIES Plaintiff's discovery motions, filed on October 29, 2012, December 5, 2012, and December 26, 2012, as moot.

IT IS SO ORDERED.

**Dated:   January 15, 2013**                              /s/ Sheila K. Oberto
                                                                     UNITED STATES MAGISTRATE JUDGE