1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  | RICHARD JACKSON,

10 |           Plaintiff,

11 |    v.

12 | MIKE PALOMBO, et al.,

13 |           Defendants.

| RICHARD JACKSON, | CASE NO. 1:10-cv-01129-SKO PC |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO FILE SURREPLY |
| v. | (Doc. 61) |
| MIKE PALOMBO, et al., | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S EXCESSIVE FORCE CLAIM AS BARRED BY THE FAVORABLE TERMINATION RULE |
| Defendants. | (Docs. 54, 58, 62, and 67) |

14

15

16  _____ /

17

18 | **Order Granting Defendants' Motion for Summary Judgment**

19 | **I.      Procedural History**

20 |      Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this

21 | civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010.  This action is proceeding on

22 | Plaintiff's amended complaint, filed on June 16, 2011, against Defendants Palombo and Niino[1] for

23 | use of excessive physical force, in violation of Plaintiff's rights under the Eighth Amendment of the

24 | United States Constitution.

25 | ///

26 | ///

27

28

---

[1] Identified as Miino in the complaint.

1

1    On June 26, 2012, Defendants filed a motion for summary judgment, and on July 27, 2012,

2  Plaintiff filed an opposition.[2,3]  Fed. R. Civ. P. 56(a).  Defendants filed a reply on August 1, 2012;

3  and on August 24, 2012, Plaintiff filed a motion seeking leave to file a surreply.  On September 4,

4  2012, Plaintiff filed a surreply, and on October 11, 2012, Plaintiff filed a supplement to his surreply.

5  The Court will exercise its discretion to consider Plaintiff's surreply and supplement to the surreply.

6    The parties consented to Magistrate Judge jurisdiction, and for the reasons which follow, the

7  Court grants Defendants' motion for summary judgment.[4]  28 U.S.C. § 636(c).

8  **II.    Legal Standard**

9    Any party may move for summary judgment, and the Court shall grant summary judgment

10  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

11  to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual

12  Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is

13  disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record,

14  including but not limited to depositions, documents, declarations, or discovery; or (2) showing that

15  the materials cited do not establish the presence or absence of a genuine dispute or that the opposing

16  party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation

17  marks omitted).  The Court may consider other materials in the record not cited to by the parties,

18  although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified

19  School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

20    Defendants do not bear the burden of proof at trial and in moving for summary judgment,

21  they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities

22  Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

---

[2] Although entitled as Plaintiff's motion for summary judgment, Plaintiff's filing fails to comply with either Rule 56 or Local Rule 251 and it is therefore treated as an opposition rather than as a cross-motion for summary judgment.

[3] In addition to the notice of the requirements for opposing a motion for summary judgment provided by the Court on July 27, 2011, the Court re-issued the notice on July 9, 2012, in accordance with the decision in Woods v. Carey, 684 F.3d 934, 935-36 (9th Cir. 2012).

[4] Docs. 4, 28.

2

1    S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to

2    designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp.,

3    627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than

4    the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S.

5    242, 252, 106 S.Ct. 2505 (1986)).

6          However, in judging the evidence at the summary judgment stage, the Court may not make

7    credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509

8    F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences

9    in the light most favorable to the nonmoving party and determine whether a genuine issue of material

10   fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo

11   Beach, 657 F.3d 936, 942 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (quotation marks and citation

12   omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it

13   must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F3d

14   1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

15   **III.      Discussion - Favorable Termination Rule as Bar to Claim**

16          Defendants move for summary judgment on the grounds that (1) Plaintiff's claim is barred

17   by the favorable termination rule, also known as the Heck bar, because he lost time credits as a result

18   of being found guilty in prison disciplinary proceedings;[5] (2) his claim fails on the merits because

19   Defendants' use of force was reasonable under the circumstances, Defendants inflicted no significant

20   injuries on Plaintiff, and Defendants lacked any intent to harm Plaintiff; and (3) Defendants are

21   entitled to qualified immunity.  For the reasons which follow, the Court finds that Plaintiff's claim

22   is barred by the favorable termination rule and it is unnecessary to reach Defendants' alternative

23   arguments that they are entitled to judgment as a matter of law on the merits and that they are entitled

24   to qualified immunity.

25   ///

26   ///

27

28
　　　　　[5] Heck v. Humphrey, 512 U.S. 477, 487-88, 114 S.Ct. 2364 (1994).

1   **A.   Legal Standard**

2   It has long been established that state prisoners cannot challenge the fact or duration of their

3   confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson

4   v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination

5   rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state

6   prisoners "seek to invalidate the duration of their confinement - either directly through an injunction

7   compelling speedier release or *indirectly through a judicial determination that necessarily implies*

8   *the unlawfulness of the State's custody*."  Wilkinson, 544 U.S. at 81 (emphasis added).  Thus, "a

9   state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought

10  (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

11  conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate

12  the invalidity of confinement or its duration."  Id. at 81-2.

13  **B.   Credit Loss**

14  The evidence submitted by Defendants demonstrates that Plaintiff lost one-hundred fifty days

15  in time credits as a result of being found guilty in prison disciplinary proceedings of battery on a

16  peace officer.  (Doc. 54, Def. Motion, Ex. 3.)

17  Plaintiff fails to bring this fact into dispute.  As noted by Defendants in their reply, Plaintiff

18  does not address this argument in his opposition.  In his surreply, Plaintiff argues that the criminal

19  charges against him for (1) felony battery by a prisoner, two counts, and (2) misdemeanor

20  obstruction/resisting an executive officer, one count, were dismissed in the interest of justice; that

21  a superior court judge's findings carry more weight than a prison lieutenant's findings; and that he

22  never admitted assaulting staff.[6]  (Doc. 62, Pl. Surreply, 1:20-25, 4:6-9; Def. Motion, Ex. 5.)

23  It is uncontroverted that Plaintiff lost time credits as a result of being found guilty in the

24  prison disciplinary proceeding against him, and that credit loss affects the length of his sentence.

25  Cal. Code Regs., tit. 15 § 2000(b)(103) (defining work-time credit as a reduction in time served for

26

27  _____

[6] In the Kern County Superior Court, proceedings Plaintiff pled nolo contendere to one misdemeanor count
28  of obstruction/resisting an executive officer.  (Def. Motion, Ex. 5.)  The other three counts were dismissed in the
interest of justice.  (Id.)

1    participation in work, training, or education programs).  Therefore, Plaintiff's excessive force claim

2    is barred by the favorable termination rule if a finding in his favor on his claim would necessarily

3    imply the invalidity of the disciplinary conviction.  Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok,

4    520 U.S 641, 80-81, 117 S.Ct. 1584 (1997).

5              **C.        Effect of a Finding in Plaintiff's**

6                      **1.        Plaintiff's Allegations**

7         In his verified amended complaint, Plaintiff alleges that Defendant Palombo, failing to realize

8    that Plaintiff utilized a walker, had twenty-five screws and a metal rod in his leg, and suffered from

9    diabetes, arthritis, and kidney stones, became angry with Plaintiff for undressing too slowly during

10   a strip search.  (Doc. 11, Amend. Comp., p. 3.)  Plaintiff alleges that after being handcuffed through

11   the tray slot so tightly that he was in pain and his hands swelled, he was subjected to an unnecessary

12   and entirely unprovoked "vicious" beating, which included being knocked to the ground, held down,

13   kicked in the head, beaten unconscious, and transported, still unconscious, to the medical clinic by

14   wheelchair.  (Id., pp. 3-4.)  At the clinic, S. Meza allegedly refused to clean or bandage his bloody

15   injuries; and Plaintiff alleges that he was thrown in the hole for fifty-one days while bleeding

16   profusely and that he still suffers from the broken finger he sustained.  (Id., pp. 4-5.)

17                     **2.        Prison Disciplinary Hearing Findings**

18        In contrast, in finding Plaintiff guilty of battery on a peace officer, the prison disciplinary

19   hearing officer made the following findings of fact:[7]

20        Inmate JACKSON was found GUILTY of violating California Code of Regulations,
         Section 3005d1, for the specific act of, "Battery on a Peace Officer".

21

22        The preponderance of the evidence submitted at this hearing substantiates the charge.
         The evidence included the written report by Correctional Officer M. Palombo,
23        wherein it was reported that on 7-9-10 at about 1826 hours, I placed my left hand on
         inmate JACKSON K-97005 waist restraint Jackson's back was facing towards me.
         I asked Jackson to back out of the cell.  Jackson stated, "What the fuck!" and lunged
24        forward pulling me into the cell.  Officer Niino came to my assistance and we pulled
         Jackson from the cell.  Jackson lunged backwards towards Niino and me slamming
25        us into the building wall.  Both of us forced Jackson to the floor.  Jackson resisted by
         moving his body back and forth.

26

27   _____

28        [7] No corrections have been made to the findings, and there appears to be one typographical error relating to
     the year of the incident.

                                                5

1   The 837c report by Officer R. Niino which states in part, on 7-9-09 at about 1820
2   hours Inmate Jackson was placed in waist restraints.  Officer Palombo placed his
    hand on the restraints and ordered Jackson to back out of the cell.  Jackson turned in
3   a clockwise motion towards Palombo.  Palombo pulled the waist chain so Jackson's
    back was towards him.  Palombo again ordered Jackson to back out of the cell.
4   Jackson lunged forward pulling Palombo into the cell.  I grabbed the waist chain and
    we pulled Jackson from the cell.  Jackson lunged backwards slamming me into the
5   wall.  Palombo and I forced Jackson to the ground.  Officer Maddox placed leg
    restraints on Jackson.

6   The photo #3 taken by Officer M. Morse showing a scratch on Officer Palombo's left
    arm.  This is consistent with being battered by an inmate.

7
8   The photo #9 and #22 taken by Officer M. Morse of inmate Jackson which shows he
    is a large person easily capable of pulling Palombo into the cell and backing into both
    Palombo and Niino.

9
10  The 7219 authored by LVN S. Meza on Jackson which notes he received no injury.
    This Senior Hearing Officer notes the photo # 13 by Officer Morse which shows a
11  small scratch to inmate Jackson behind his right ear, which was apparently missed
    by the Medical evaluation as it was behind the ear.  This injury is consistent with
12  being forced to the floor and resisting by turning the body from side to side.

13  7210 authored by RN E. Garrovillo on Officer Palombo which notes he received
    scratches on his left arm.  These injuries are consistent with being battered.

14  Inmate Jackson defense he did not have the power to batter the Officers is not
    credible as the photographic evidence clearly shows Jackson is a large man capable
15  of pulling someone into a cell and backing into two persons.  Officer Palombo and
    Officer Niino reports clearly show Jackson did batter them.

16

17  (Def. Motion, Ex. 3.)

18              **3.      Court's Findings**

19       To prevail on his excessive force claim, Plaintiff must demonstrate that the force at issue was

20  applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or

21  restore discipline.  Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam)

22  (quotation marks and citation omitted).  In determining whether the use of force was wanton and

23  unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force,

24  the relationship between that need and the amount of force used, the threat reasonably perceived by

25  the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson

26  v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995 (1992) (quotation marks and citations omitted).

27       A disciplinary conviction for battery on a peace office is not necessarily inconsistent with a

28  finding in the inmate's favor on an excessive force claim brought pursuant to section 1983 claim

6

1  such that the latter claim is <u>Heck</u> barred as a matter of course.  Whether a finding in favor of the

2  inmate on his section 1983 claim will necessarily invalidate the disciplinary conviction is a fact-

3  specific inquiry, and courts have reached different results depending upon the findings underlying

4  the criminal or disciplinary conviction and the facts underlying the section 1983 claim.  <u>See</u> <u>Smith</u>

5  <u>v. City of Hemet</u>, 394 F.3d 689, 697-98 (9th Cir. 2005) (excessive force claim was not <u>Heck</u> barred

6  where the force occurred subsequent to the conduct upon which the conviction for willfully resisting,

7  delaying or obstructing peace office in performance of duties was based); <u>Cunningham v. Gates</u>, 312

8  F.3d 1148, 1153-55 (9th Cir. 2002) (inmate's felony murder conviction <u>Heck</u> barred any civil claim

9  that he was not the provocateur of the incident at issue and barred his excessive force claim based

10 on a danger creation theory); <u>see also</u> <u>Burnell v. Gonzalez</u>, No. 1:10-cv-00049-LJO-BAM PC, 2012

11 WL 3276967, at *13-15 (E.D.Cal. Aug. 9, 2012, adopted in full, 2012 WL 4468738 (E.D.Cal. Sept.

12 27, 2012); <u>Scott v. Palmer</u>, No. 1:09-cv-01329-LJO-SKO PC, 2012 WL 396587, at *2-5 (E.D.Cal.

13 Feb. 7, 2012), adopted in full,  2012 WL 930862 (E.D.Cal. Mar. 19, 2012);[8] <u>McElroy v. Cox</u>, No.

14 1:08cv1221-JTM-MDD, 2011 WL 2580294, at *9 (N.D.Cal. Jun. 23, 2011).

15      Here, in Plaintiff's version of events, there was no need to use any force to maintain or

16 restore discipline because he was compliant and Defendants' use of force was entirely unprovoked.

17 In Defendants' version of events, Plaintiff refused to follow orders; he lunged forward pulling

18 Defendants Palombo into the cell; and he then lunged backwards, slamming Defendants into the

19 wall, all of which caused them to use only the force necessary to regain control of him and which

20 resulted in only a scratch behind Plaintiff's ear.

21      A finding in Plaintiff's favor on his excessive force claim would mean that Defendants used

22 physical force to maliciously and sadistically to cause Plaintiff harm rather than in a good-faith effort

23 to maintain or restore discipline.  Plaintiff's disciplinary conviction and his excessive force claim

24 arise from the same incident, and the two versions of events are entirely inconsistent with one

25 another.  If Plaintiff prevailed on his claim that Defendants, unprovoked by Plaintiff and without any

---

[8] Plaintiff's motion for reconsideration of dismissal of claim as <u>Heck</u> barred was subsequently granted on the ground that Plaintiff succeeded in gaining the restoration of his time credits.  <u>Scott v. Palmer</u>, 2012 WL 5866511 (E.D.Cal. Nov. 19, 2012).

1  justification, used excessive physical force against him and seriously injured him, his success would

2  necessarily invalidate the result of the disciplinary hearing, which was based on the finding that

3  Plaintiff instigated the entire incident, battered Defendants, caused Defendants to have to take him

4  to the ground to regain control over him, and sustained only a scratch behind his ear.  Therefore, the

5  Court finds that Plaintiff's excessive force claim is barred by the favorable termination rule, and the

6  claim must be dismissed.  Heck, 512 U.S. at 489 (until and unless favorable termination of the

7  conviction or sentence occurs, no cause of action under section 1983 exists).

8  **IV.    Conclusion and Order**

9      Defendants have submitted evidence that Plaintiff lost time credits as a result of being found

10  guilty of battery on a peace officer and Plaintiff has not brought the issue into dispute.  Based on the

11  findings supporting Plaintiff's disciplinary conviction, a finding in this action that Defendants used

12  excessive physical force on Plaintiff on July 9, 2009, would necessarily invalidate the disciplinary

13  conviction which resulted in the credit loss.  Plaintiff's excessive force claim is therefore barred.

14      Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

15      1.    Plaintiff's motion for leave to file a surreply, filed on August 24, 2012, is

16            GRANTED;

17      2.    Defendants' motion for summary judgment, filed on June 26, 2012, is GRANTED

18            on the ground that Plaintiff's excessive force claim is barred by the favorable

19            termination rule;

20      3.    Plaintiff's excessive force claim is DISMISSED, without prejudice; and

21      4.    The Clerk of the Court shall enter judgment against Plaintiff and in favor of

22            Defendants.

23

24  IT IS SO ORDERED.

25  **Dated:    January 15, 2013**              **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE
26

27

28