# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, | CASE NO. 1:10-cv-01129-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 86) |
| MIKE PALOMBO, et al., | |
| Defendants. | |

Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010. On January 15, 2013, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's excessive force claim, without prejudice, as barred by the favorable termination rule. On February 8, 2013, Plaintiff filed a notice of appeal and a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is

///

1 dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks
2 omitted); Wilborn 789 F.2d at 1331.

3     In the present case, the Court does not find the required exceptional circumstances. Even if
4 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
5 which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
6 similar cases almost daily.

7     The Court cannot find that Plaintiff is likely to succeed on the merits of his appeal. Because
8 Plaintiff lost time credits as a result of being convicted of battery on a peace officer and that credit
9 forfeiture has not been set aside, Plaintiff's claim is procedurally barred by the favorable termination
10 rule. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005). In addition, although Plaintiff
11 mentions Defendant Meza in his notice of appeal, it was Plaintiff who voluntarily dismissed Meza
12 from this action, as was his absolute right at that stage in the proceedings. Fed. R. Civ. P.
13 41(a)(1)(A)(i); Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).

14     Further, given the legal issues in this case, the Court finds that Plaintiff is able to adequately
15 articulate his claims.

16     Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is
17 HEREBY DENIED, without prejudice to seeking the appointment of counsel from the appellate
18 court.

19
20 IT IS SO ORDERED.
21 **Dated:   February 11, 2013**            /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE