1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RICHARD JACKSON,                          CASE NO. 1:10-cv-01129-SKO PC

10                    Plaintiff,             ORDER DENYING MOTION FOR
                                             APPOINTMENT OF COUNSEL
11        v.
                                             (Doc. 86)
12  MIKE PALOMBO, et al.,

13                    Defendants.
    _____/

14

15        Plaintiff Richard Jackson, a state prisoner proceeding pro se and in forma pauperis, filed this

16  civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2010.  On January 15, 2013, the Court

17  granted Defendants' motion for summary judgment and dismissed Plaintiff's excessive force claim,

18  without prejudice, as barred by the favorable termination rule.  On February 8, 2013, Plaintiff filed

19  a notice of appeal and a motion seeking the appointment of counsel.

20        Plaintiff does not have a constitutional right to the appointment of counsel in this action.

21  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th

22  Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

23  1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970;

24  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the

25  Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

26  his claims pro se in light of the complexity of the legal issues involved.  Palmer, 560 F.3d at 970

27  (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is

28  ///

1

1  dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks

2  omitted); Wilborn 789 F.2d at 1331.

3       In the present case, the Court does not find the required exceptional circumstances.  Even if

4  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

5  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

6  similar cases almost daily.

7       The Court cannot find that Plaintiff is likely to succeed on the merits of his appeal.  Because

8  Plaintiff lost time credits as a result of being convicted of battery on a peace officer and that credit

9  forfeiture has not been set aside, Plaintiff's claim is procedurally barred by the favorable termination

10  rule.  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005).  In addition, although Plaintiff

11  mentions Defendant Meza in his notice of appeal, it was Plaintiff who voluntarily dismissed Meza

12  from this action, as was his absolute right at that stage in the proceedings.  Fed. R. Civ. P.

13  41(a)(1)(A)(i); Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).

14       Further, given the legal issues in this case, the Court finds that Plaintiff is able to adequately

15  articulate his claims.

16       Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is

17  HEREBY DENIED, without prejudice to seeking the appointment of counsel from the appellate

18  court.

19

20  IT IS SO ORDERED.

21  **Dated:   February 11, 2013**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28